# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN BEACHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-601-M |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, DIRECTOR RONALD PATTON and his successor, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is petitioner's "Motion to Strike and Dismiss to Respondent's Notice to Remove" ("Motion to Remand"), filed June 20, 2014. On July 03, 2014, respondents filed their response, and on July 09, 2014, petitioner filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On April 18, 2007, petitioner was convicted in Cleveland County, Oklahoma with one count of lewd molestation of a minor in violation of Okla. Stat. tit. 21, § 1123. Respondents informed petitioner of his duty, pursuant to Oklahoma Sex Offenders Registration Act ("SORA"), to register for life as an aggravated sex offender upon his release on or about April 30, 2014. As a result, petitioner filed this instant action in the Oklahoma County District Court seeking an injunction preventing his registration based on the following claims: (1) he is not required to register for life as an aggravated sex offender under SORA because the statute does

not apply to him ("Claim I")[1] and (2) respondents have violated his federal and state constitutional rights ("Claim II – constitutional claims"). Respondents removed the case to this Court. Petitioner filed this instant motion seeking to remand this case back to the Oklahoma County District Court.

II.     Discussion

> Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction of civil actions "arising under the Constitution, laws or treaties of the United States." Under 28 U.S.C. § 1441, a defendant in a state court case may remove the case to federal court "when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (unpublished opinion) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

*Shockley v. City of Waurika*, CIV-10-517-D, 2010 WL 3081528, at *2 (W.D. Okla. Aug. 6, 2010). In determining if petitioner's claims arise under federal law, the Court follows

> the "well-pleaded complaint" rule, under which a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based" on federal law . . . . The plaintiff is the "master of the claim" and may prevent removal by choosing not to plead a federal claim even if one is available. Under the "artful pleading" doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim. Similarly, removal is permitted when the plaintiff's right to relief requires resolution of a substantial question of federal law.

*Ethridge v. Prime Conduit*, CIV-11-1350-L, 2012 WL 400034, at *2 (W.D. Okla. Feb. 7, 2012) (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citations omitted)). For a claim to arise under federal law:

---

[1] Petitioner also asserts a related violation based on the Oklahoma Department of Corrections' Notice Register policy, which reflects respondents' interpretation of SORA.

2

a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto.

*Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936) (internal citation omitted). Once a case is removed, the Court has supplemental jurisdiction over a petitioner's state claims. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1367(a)) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

Petitioner contends this Court lacks subject matter jurisdiction because he has not asserted any federal claims; instead, he has only pled claims involving a state statute. Further, in light of petitioner's motion, the Court directed petitioner to advise the Court whether he is withdrawing his federal claims – in which petitioner responded,

> There are only two possible claims against the respondents that this court can legally entertain as possible federal claims, those are the eighth and fourteenth amendment claims, and as such it is well known to this Court that the fourteenth and eighth amendment claims can and normally are raised first as state claims, therefore this Court by the precedence established in the courts above this court must only view Mr. Beacham's claim upon the face of his injunction not by the respondents' claiming it is a federal issue.

Pet. Beacham Resp. to the Court's Order Directing Resp. on Federal Claims, at 1-2. Further, petitioner emphasizes that he did not bring this action pursuant 42 U.S.C. § 1983, and, thus, there is no federal statute being challenged.

Having carefully reviewed petitioner's petition, the Court finds that removal to this Court is proper. Specifically, the Court finds that this Court has subject matter jurisdiction because

3

petitioner's claims require a resolution of a substantial question of federal right embedded in the United States Constitution. Petitioner contends that he is not asserting any federal claims in this case. However, petitioner's assertions are contrary to his pleadings in his petition, which on its face clearly raises federal constitutional claims. In his petition, petitioner asserts numerous violations of the United States Constitution, including the Equal Protection and Due Process Clause of the Fourteenth Amendment, Pet. at 1, 2, the Eighth Amendment as applied in *Atkins v. Virginia*, 536 U.S. 304 (2002), Pet. at 7-8, and violation of the Ex Post facto provisions of the United States Constitution, Pet. at 8-9. While the statute at issue is the Oklahoma Sex Offenders Registration Act and petitioner ultimately seeks an injunction preventing his registration under SORA, he bases this assertion on alleged violations of the constitutions of both the United States and the State of Oklahoma. Accordingly, the Court finds that petitioner has pled claims that require resolution of a substantial question of federal law, and, thus, the Court has subject matter jurisdiction over petitioner's claim pursuant to 28 U.S.C. §§ 1331 and 1367(a).[2] *See Int'l Coll. of Surgeons*, 522 U.S. at 165 (quoting 1367(a)) ("once the case was removed, the District Court had original jurisdiction over [petitioner's] claims arising under federal law, and thus could exercise

---

[2] Petitioner appears to have some misunderstandings of the procedural aspect of this case. First, petitioner asserts that because his petition did not specifically state he is asserting a § 1983 claim, he has not pled any claims implicating a federal question. However, § 1983 does not in itself create a substantive right. *See Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1536 (10th Cir. 1995) ("Section 1983 itself does not create any substantive rights, but merely provides relief against those who, acting under color of law, violate federal rights created elsewhere."). Thus, § 1983 is a procedural mechanism that allows private citizens to bring a claim against a state actor who allegedly violates petitioner's federal rights, such as the United States Constitution, while acting under the color of law, such as SORA. Second, petitioner also appears to be under the impression that there is a Temporary Restraining Order/Permanent Injunction issued in the state court and that respondents are attempting to override that order by removing this case to the federal court. However, there was no Temporary Restraining Order or Permanent Injunction issued in the state court. While petitioner has filed a motion requesting one, the state court has not ruled on the motion; thus, to date, there is no injunction issued by this Court or the state court addressing this matter.

supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that . . . form part of the same case or controversy.'").

III. Conclusion

Accordingly, the Court DENIES petitioner's Motion to Remand [docket no. 6].

**IT IS SO ORDERED this 6th day of August, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE