IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| STEVEN BEACHAM, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-14-601-M |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, DIRECTOR RONALD PATTON and his successor, | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is respondents' Motion to Dismiss, filed July 02, 2014. Plaintiff filed no response.[1]

I.  Introduction

On April 18, 2007, petitioner was convicted in Cleveland County, Oklahoma of one count of lewd molestation of a minor in violation of Okla. Stat. tit. 21, § 1123. Respondents informed petitioner of his duty, pursuant to the Oklahoma Sex Offenders Registration Act ("SORA"), to register for life as an aggravated sex offender upon his release on or about April 30, 2014. As a result, petitioner filed this instant action in the Oklahoma County District Court

---

[1] In reply to his own motions, petitioner filed reply briefs which appear to address all the pending motions and reassert petitioner's arguments made in all of his filings. It was not clear to the Court if those filings were also meant as a response to respondents' Motion to Dismiss [docket no. 9]. Although the time to file his response brief to respondents' motion to dismiss had lapsed, in light of petitioner's *pro se* status, the Court directed petitioner to file his response brief, if any, to respondents' Motion to Dismiss [docket no. 9] on or before August 21, 2014. *See* Docket No. 18. In the alternative, the Court directed plaintiff to file an advisement to the Court, on or before August 21, 2014, that his reply briefs [docket no. 12] and [docket no. 14] were meant to serve as a response brief to respondents' motion to dismiss. *Id.* A review of the record shows that petitioner has not responded to the Court's Minute Order.

seeking an injunction preventing his registration based on the following claims: (1) he is not required to register for life as an aggravated sex offender under SORA because the statute does not apply to him ("Claim I")[2] and (2) respondents have violated his federal and state constitutional rights ("Claim II – constitutional claims"). Respondents removed the case to this Court. Petitioner filed a motion to remand seeking to remand this case back to the Oklahoma County District Court. The Court denied petitioner's motion. In addition, petitioner filed "a Motion for Temporary Restraining Order Pursuant to Fed Civ Rule 56(B)", which the Court denied. On July 02, 2014, respondents filed the instant Motion to Dismiss.

## II. Standard of Review

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that

---

[2] Petitioner also asserts a related violation based on the Oklahoma Department of Corrections' Notice Register policy, which reflects respondents' interpretation of SORA.

offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Lastly, the Court construes a *pro se* litigant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). However, *pro se* parties must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations and citation omitted). Further, although the Court liberally construes *pro se* filings, the Court does not assume the role of advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

III. Discussion

Respondents essentially assert that petitioner's claims should be dismissed because petitioner misreads the SORA statute at issue and such misinterpretation is the basis of his request for an injunction based on alleged violations of his federal and state constitutional claims. In the Court's August 6, 2014 Order addressing petitioner's motion for temporary restraining order, the Court found that notwithstanding petitioner's assertion that Okla. Stat. tit. 57, § 584 (J)(2) (Supp. 2006) does not apply to him, the statute applied to petitioner and required petitioner to register for life as an aggravated sex offender. Further, the Court found that petitioner's allegations of violation of numerous provisions of the United States Constitution,

and corresponding provisions of the Oklahoma Constitution, including the Fourteenth Amendment's Equal Protection and Due Process clauses, the Eighth Amendment's prohibition against cruel and unusual punishment, and the Ex-Post Facto clause of Article I, section 10 and Article 1, section 9, clause 3 are without merit. Specifically, the Court found that plaintiff does not have a substantial likelihood of prevailing on his Equal Protection and Due Process clause claims because he makes these allegations based on his misinterpretation of § 584 (J)(2). In addition, the Court found that the notification requirements under SORA do not violate the Eighth Amendment of the United States Constitution because the notification requirements are within "the evolving standards of decency that mark the progress of a maturing society" and, thus, do not amount to an Eighth Amendment violation. Lastly, the Court found that the Ex Post Facto provisions of the United States and Oklahoma's Constitutions are not applicable here because the statute in effect at the time of his conviction, Okla. Stat. tit. 57, § 584 (J)(2) (Supp. 2006), required petitioner to register as an aggravated sex offender for life, and thus, there is no statute being retroactively applied to him. Accordingly, for the reasons set forth in the Court's August 6, 2014 Order, and in light of petitioner's failure to file a response to respondents' Motion to Dismiss, the Court finds that petitioner's claims should be dismissed.

III. Conclusion

Accordingly, the Court GRANTS respondents' Motion to Dismiss [docket no. 9] and DISMISSES petitioner's claims.

**IT IS SO ORDERED this 29th day of August, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE